UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL DECESARE, MICHAEL MENO, MICHAEL KING, ROBERT GIBSON, IV, JAMES B. TALLEY, LELAND AKMAL, BENJAMIN FERRELL, MICHAEL ODEN, BRAD SMITH, JOSE COBOS, RUBEN PANGILINAN, WILLIAM MARSELLOS, RICKY BATTS, and MARLON CANAS,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., and DOES I-XX,<br><br>Defendants. | Cause No. 2:07-cv-00098-LDG-GWF<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND ORDERING CLASS NOTICE |

WHEREAS, Plaintiffs Michael DeCesare and Michael Meno, on behalf of themselves and the Certified Class, and Defendant FedEx Ground Package System, Inc. ("FXG" or "FedEx Ground") (collectively, "the Parties") have agreed, subject to Court approval, to settle the certified claim in this litigation upon the terms and conditions stated in the Class Action Settlement Agreement (the "Settlement Agreement") attached as Exhibit A to the Declaration of Beth Ross filed in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

WHEREAS, the Settlement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement (in addition to any capitalized terms defined herein); and

WHEREAS, this Court has considered the Settlement Agreement and the Exhibits attached thereto and Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

NOW THEREFORE, IT IS ORDERED:

1. This Court does hereby preliminarily approve, subject to further consideration at the Fairness Hearing described below, the Settlement Agreement and the terms of the Settlement set forth therein as fair, reasonable, and adequate.

2. The Fairness Hearing shall be held before the United States District Court, District of Nevada, on May 5, 2014 at 10:00 a. m.   [a date which is no shorter than 100 days after the Settlement Agreement is filed with the Court] before this Court in Courtroom 6B of the

United States Courthouse, at 333 S. Las Vegas Blvd., Las Vegas, Nevada 89101 to determine: (1) whether the terms of the Settlement should be approved as fair, reasonable, and adequate; (2) whether the action should be dismissed on the merits and with prejudice; and (3) whether Class Counsel's request for attorneys' fees and expenses, and incentive awards for the individuals who brought this action, should be approved.

       3.      This Court designates Rust Consulting, Inc. ("Rust") as the Settlement Administrator and directs Rust to perform each and every one of the functions listed in Section II(2)(a)-(k) of the Settlement Agreement, in accordance with the terms of the Settlement Agreement and this Preliminary Approval Order. FXG will pay all Administration Expenses, in accordance with the terms of the Settlement Agreement.

       4.      This Court approves, as to form and content, the Settlement Notice attached as Exhibit 3 to the Settlement Agreement, the Forms (including both the Claimant Identification Form and IRS Form W-9) attached as Exhibit 2, and the Summary Notice attached as Exhibit 4. This Court finds that the mailing of the Settlement Notice and publication of the Summary Notice in the manner and form set forth in Sections II (2)(a)-(b), IV, and VI.A of the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

       5.      The Final Claims Date, in order to meet the requirements for the submission of a Valid Claim under the Settlement Agreement, is  3/11/2014   [60 days after the Court's entry of this Preliminary Approval Order].

       6.      Any Class Member may object to the Settlement, the Settlement Agreement, the

attorneys' fees and expenses requested by Class Counsel, or the incentive awards requested by Class Counsel for the individuals who brought this lawsuit; provided, however, that unless otherwise ordered by the Court, no such objection shall be considered by the Court unless it has been filed with the Court and served on Class Counsel and FedEx Ground's counsel no later than 14 days before the Fairness Hearing.  Any Class Member who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, unless otherwise ordered by the Court, but shall otherwise be bound by the final settlement approval order and judgment to be entered and releases given.

7. Any Class Member may appear at the Fairness Hearing for the purposes of objecting to the Settlement Agreement, the amount of fees and expenses that Class Counsel has requested, or the incentive awards requested by Class Counsel for the individuals who brought this lawsuit; provided, however, that unless otherwise ordered by the Court, no Class Member shall be heard at the Fairness Hearing unless that individual has properly provided, in accordance with the provisions of the Settlement Notice, a Notice of Intention to Appear, which must be sent to the Clerk of the Court, Class Counsel, and FedEx Ground's counsel at the addresses provided in the Settlement Notice and must be postmarked no later than 14 days before the Fairness Hearing.

8. Any Class Member may file papers in support of final approval of the Settlement, provided, however, that unless otherwise ordered by the Court, no such papers in support of the Settlement shall be considered by the Court unless they have been filed with the Court and served on Class Counsel and FedEx Ground's counsel no less than 14 days prior to the Fairness Hearing.

9. Class Counsel is ordered to file its motion for final approval, and its motion for an award of attorneys' fees and expenses and incentive awards, no fewer than 28 days before the Fairness Hearing.

10. Neither the Settlement Agreement, nor any other act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be offered, attempted to be offered, or used in any way by the Parties as, a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties or of the validity of any Released Claims; or (b) is intended by the Parties to be used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, as evidence or otherwise.  However, the Parties may file the Settlement Agreement, and documents executed pursuant to or in furtherance thereof, in any action to enforce the Settlement.

11. The Court reserves the right to continue the date of the Fairness Hearing or modify any other dates set forth herein without further notice to the Class Members.  The Court may approve the Settlement, with such modification(s) as may be agreed to by the Parties, if appropriate, without further notice to the Class Members.

IT SO ORDERED, this the ____ day of _____, 2014.

_____
Honorable Lloyd D. George
United States District Judge

---

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND ORDERING CLASS NOTICE